IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR5 |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY L. SUOJANEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's objection, Filing No. 60, to the report and recommendation of the magistrate judge, Filing No. 59. The defendant filed a motion to suppress, Filing No. 28, and the magistrate judge denied the motion. The government charged the defendant in Count I of an indictment with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and in Count II with knowingly and intentionally possessing with the intent to distribute more than 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Filing No. 1. Defendant objects to the report and recommendation of the magistrate judge, arguing that there existed no probable cause for the search of the defendant's vehicle. Filing No. 60.

Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the report and recommendation to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the objections, relevant law, and the entire record including the transcript of the motion to suppress hearing, Filing No. 56. After reviewing the record and the relevant caselaw, the

court determines it will follow the report and recommendation of the magistrate judge in its entirety.

The court adopts the factual findings of the magistrate judge, Filing No. 59, and will only briefly summarize the facts for purposes of this memorandum and order. On or about December 12, 2007, Sergeant Edward J. Van Buren of the Douglas County Sheriff's Department noticed a Chevy truck with a camper driving on Interstate 80. Sergeant Van Buren noted that he could not see the name of the state on the license plate, as there existed a bracket cover over the name of the state and the truck had a dirty license plate. See Exhibits 2, 3, and 4, Filing No. 53. Sergeant Van Buren exited his police vehicle and made contact with the sole occupant of the truck, the defendant. The defendant gave Sergeant Van Buren his driver's license, registration and insurance card. The defendant's hand shook while handing these items to Officer Van Buren. Officer Van Buren took the defendant back to the patrol car. Officer Van Buren, based on his experience as a narcotics officer, believed he smelled raw marijuana inside the defendant's vehicle and he also smelled raw marijuana coming from defendant's clothing. Officer Van Buren noticed the defendant exhibited very nervous behaviors. Officer Van Buren then issued a warning citation and requested that the defendant permit him to ask a few additional questions. The defendant agreed. Sergeant Van Buren asked the defendant about his itinerary and if he had drugs/contraband in the vehicle. The defendant said "no" to the question regarding drugs/contraband. Thereafter, Sergeant Van Buren searched the truck/camper and found more than 90 bales of marijuana, or 1,940 pounds of marijuana.

The magistrate judge found that Sergeant Van Buren conducted a lawful stop because Nebraska law requires that the license plate be visible. *Neb. Rev. Stat.* § 60-

399(2). *State v. Reiter*, 524 N.W.2d 575, 578 (Neb. 1994). This court agrees. A stop for any violation of traffic laws is proper. *United States v. Long,* 532 F.3d 791, 795 (8th Cir. 2008). The magistrate judge found then found credible Sergeant Van Buren's testimony that he smelled raw marijuana. After reviewing the record, the court finds no reason to disagree with the magistrate judge's determination in this regard. The court agrees that such observations by Officer Van Buren justified a search of the vehicle. *United States v. Jennings*, 2007 WL 2142260 (8th Cir. July 27, 2007); *United States v. Clayborn*, 339 F.3d 700, 702 (8th Cir. 2003). Accordingly, the court finds the magistrate judge's determinations of fact and conclusions of law are adopted in their entirety.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to suppress, Filing No. 28, is denied;

2. The defendant's objections to the report and recommendation, Filing No. 60, are overruled; and

3. The magistrate judge's report and recommendation, Filing no. 59, is adopted in its entirety.

DATED this 3rd day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge